UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Northern PCS Services, LLC,

                      Plaintiff,

                                              Civ. No. 05-2744 (RHK/RLE)
                                                  **ORDER**

v.

Sprint Nextel Corporation, *et al.*,

                      Defendants.

---

      This matter is before the Court on Plaintiff's Objection to the February 26, 2007 Order of Chief Magistrate Judge Raymond Erickson (Doc. No. 100). In that Order, Judge Erickson granted Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. No. 65). In granting that Motion, Judge Erickson concluded that Plaintiff had waived its right to a jury trial as to all claims asserted in the instant action due to jury-trial waivers contained in the contracts at the heart of this case. Plaintiff objects to Judge Erickson's Order, asserting that (1) Defendant Nextel Communications, Inc., a non-party to the relevant contracts, lacks standing to invoke the jury-trial waivers and (2) the cases relied upon by Judge Erickson are inapposite.

      Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72.2(a), the Court must set aside those portions of Judge Erickson's Order that are "clearly erroneous or contrary to law." Having carefully reviewed the Order, Plaintiff's Objection thereto, and Defendants' Response, the Court concludes that the Order is neither

clearly erroneous nor contrary to law.[1] Based on the foregoing, and all of the files, records, and proceedings herein, it is **ORDERED** that Plaintiff's Objection to the February 26, 2007 Order (Doc. No. 100) is **OVERRULED** and that the Order (Doc. No. 97) is **AFFIRMED**.

Dated: March  27 , 2007

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Judge

---

[1] Moreover, the Court fully agrees with Judge Erickson's rationale and his discussion of the relevant legal principles and authorities; had it conducted a *de novo* review of the Order, the Court would have reached the same result.