# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Northern PCS Services, LLC,

                    Plaintiff,

                                  Civ. No. 05-2744 (RHK/RLE)
                                  **ORDER**

v.

Sprint Nextel Corporation, *et al.*,

                    Defendants.

      This matter is before the Court on the parties' Joint Motion to Withdraw and Vacate the Court's March 27, 2007 Memorandum Opinion and Order (Doc. No. 113).

      On March 27, 2007, the Court issued a Memorandum Opinion and Order (the "Order") granting in part and denying in part Defendants' Motion for Summary Judgment. After the Order issued, the parties engaged in settlement negotiations; those negotiations were fruitful, and resulted in Defendant Sprint Nextel Corporation agreeing to acquire Plaintiff, thereby rendering moot the claims in this case. The Court is informed that the contemplated acquisition closed on August 2, 2007.

      As part of their negotiated settlement, the parties agreed to jointly request that the Court withdraw and vacate the Order; they have now done so via the instant Motion. They argue that, unless the Order is withdrawn, "disputes may arise in the context of other proceedings as to whether some or all of the . . . Order should be accorded preclusive effect under doctrines such as collateral estoppel." (Joint Motion at 2.)

      The Court commends counsel and the parties for settling a complex case that likely

would have cost tens of thousands of dollars – and required many days, if not weeks, of the Court's time, the parties' time, and their counsels' time – to try. Negotiated settlements leave everyone happy, even if they do not result in the complete relief to which one side (or the other) inevitably feels it is entitled. Nevertheless, the parties' amicable resolution of this matter in no way changes the Court's opinion about any of the factual or legal issues resolved – at length, and after the expenditure of great time and effort – in the Order. The preclusive effect, if any, of the Order is a matter for another day, and another judge (or judges). Furthermore, the Order has been a matter of public record for over four months, and is available on Westlaw. See 2007 WL 951546 (D. Minn. Mar. 27, 2007). Withdrawal of the Order, therefore, is unlikely to stop parties (who may already possess it) from attempting to rely on it in subsequent litigation.

Despite their commendable efforts resolving this case, the Court perceives no reason to withdraw the Order simply because the parties want it to do so. Accordingly, the parties' Joint Motion to Withdraw and Vacate the March 27, 2007 Memorandum Opinion and Order (Doc. No. 113) is **DENIED**.[1]

Dated: August __3__, 2007                              s/Richard H. Kyle
                                                       RICHARD H. KYLE
                                                       United States District Judge

---

[1] The parties' request for a hearing (Doc. No. 114) is also **DENIED** as moot.